UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

```
In Re:                          ) Bankruptcy Case
                                ) No. 06-61576-fra7
JOHN R. COFER,                  )
                                )
              Debtor.           )
                                ) Adversary Proceeding
DAVID F. WURST,                 ) No. 06-6284-fra
                                )
              Plaintiff,        )
     vs.                        )
                                )
JOHN R. COFER,                  )
                                ) MEMORANDUM OPINION
              Defendant.        )
```

In this adversary proceeding the Trustee claims that a $30,000 judgment obtained against the Debtor/Defendant in connection with the bankruptcy of the Defendant's mother is excepted from discharge. The Court, for the reasons set out below, finds for the Defendant.

I. BACKGROUND

In January of 2004 the Plaintiff, in his capacity as Trustee of the bankruptcy estate of Evelyn Cofer, commenced an adversary proceeding against Defendant John Cofer seeking to avoid and recover a post-petition transfer. The complaint alleged among other things:

Page 1 - MEMORANDUM OPINION

- That a certain 1955 Ford Thunderbird was "at all material times" property of the estate;
- That, post-petition, Evelyn Cofer transferred the vehicle to John Cofer; and
- That the vehicle was worth $30,000.

The Trustee sought a judgment avoiding the transfer and awarding a money judgment in the sum of $30,000.

Negotiations ensued, and, on June 10, 2004, the Trustee filed a motion and notice of intent to settle the adversary proceeding. The notice stated the terms of the settlement as follows:

> The debtor [that is, Evelyn Cofer] and the debtor's deceased husband were the owners of a 1955 Ford Thunderbird. He passed away prior to the filing of the bankruptcy petition by the debtor. Pre-petition the debtor transferred the vehicle to her son, Kenneth Cofer, who transferred the vehicle back to her post-petition. The debtor then transferred the vehicle to her son, John Cofer. The Trustee commenced an adversary proceeding against John Cofer to avoid the transfer of the vehicle to him. The Trustee and John Cofer have agreed to settle the estate's claim to the vehicle for payment to the estate of $6,500 and the estate's transfer of the estate's interest in the vehicle to John Cofer. Upon receipt of the foregoing $6,500, the Trustee shall file a Notice of Dismissal of the adversary proceeding.

The Court ordered that the settlement would be approved unless objection was made by an interested party, which in any case did not occur.

Defendant John Cofer did not pay the money required by the settlement, and the Trustee sought entry of a default judgment. The Court convened a hearing on December 9, 2004, at which both parties to this matter were present. The Court ordered the Debtor to pay the $6,500 to the Trustee within 90 days. It was further ordered that, if the Debtor decided to contest the matter notwithstanding the settlement, he

Page 2 - MEMORANDUM OPINION

could file an answer within 30 days of the hearing. If neither occurred, the Trustee was directed to submit a default order and judgment. An order consistent with the ruling from the bench was entered on December 14th; no payment was made, and a judgment was entered on January 31, 2005, in the amount of $30,000. Even at that point, the Defendant was given a last chance to settle on the agreed terms: the judgment provided that it would be "satisfied in full if Defendant pays to Plaintiff $6,500 on or before March 9, 2005."

The payment was not made. Instead, John Cofer filed his own petition for relief under Chapter 7 of the Bankruptcy Code on August 14, 2006. The schedules submitted with the petition included the Trustee's claim in the amount of $30,046.

In his complaint in the instant adversary proceeding, the Trustee alleges that the Defendant "purportedly transferred" the subject vehicle, following inspection of the vehicle by the estate's liquidator. The complaint alleges that Defendant "willfully and maliciously converted the vehicle belonging to plaintiff and plaintiff's judgment against defendant, including interest, is non-dischargeable under 11 U.S.C. § 523(a)(6)."

The matter came on for trial on April 19, 2007. The Plaintiff relied largely on the record described above, and a request for admission delivered to the Defendant:

"<u>Request No. 5</u>: Defendant willfully and maliciously converted the vehicle belonging to Plaintiff.

**Response to Request No. 5:**

Willful, but not maliciously."

Page 3 - MEMORANDUM OPINION

II. DISCUSSION

The original default judgment against the Debtor was entered by the U.S. Bankruptcy Court. The Bankruptcy Court is now asked to hold that the allegations of fact in the complaint of the earlier action are binding on the court in the present action, i.e. that the vehicle was property of the estate "[a]t all times material herein," and that the transfer was avoidable under § 549. To make that determination, the court must apply the elements of federal collateral estoppel (issue preclusion). See In re Pomeroy, 353 B.R. 371 (Bankr. D. Mass. 2006)(internal citations omitted).

The elements of federal collateral estoppel are as follows:

> (1) there was a full and fair opportunity to litigate the issue in the previous action; (2) the issue was actually litigated in that action; (3) the issue was lost as a result as a result of a final judgment in that action; and (4) the person against whom collateral estoppel is asserted in the present action was a party or in privity with a party in the previous action.

In re Smith, 2007 WL 987278 (Bankr. D.Ariz. 3/30/07)(citing In re Palmer, 207 F.3d 566, 568 (9th Cir. 2000)). Where a default judgment is entered, "the 'actual litigation' requirement may be satisfied by substantial participation in an adversary contest in which the party is afforded a reasonable opportunity to defend himself on the merits, but chooses not to do so." In re Daily, 47 F.3d 365, 369 (9th Cir. 1995). It is within the discretion of the court to apply collateral estoppel to a default judgment. Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 331 (1979).

The "actually litigated" element in the prior action is a close one, but in this case the facts are further illuminated by the Motion and Notice of Intent to Settle prepared by the Trustee's attorney. While the

Page 4 - MEMORANDUM OPINION

complaint alleges that, at all material times, the Ford was property of the estate, the notice revealed that the vehicle had been transferred *prior* to the bankruptcy petition by Evelyn to Kenneth Cofer. Kenneth then transferred the vehicle back to Evelyn after her bankruptcy petition had been filed, and Evelyn then transferred the vehicle to John.

At the time the petition was filed, the vehicle did not belong to the estate: it belonged to Kenneth. It may have been subject to an action to avoid the transfer, but no such judgment was ever obtained. When Kenneth conveyed the car back to Evelyn he was not transferring it back to the estate; Evelyn was a mediate transferee of an asset which was the subject of a (possibly) fraudulent transfer by her pre-petition to Kenneth.

The judgment finally entered against the Defendant was, for all intents and purposes, a judgment enforcing the parties' original compromise. It is notable that it did not decree the avoidance of either of the transfers of the vehicle. The Defendant's failure to pay is less in the nature of a tortious conversion than a breach of his contractual obligation to the Trustee. It follows that the Court cannot find that the Debtor converted property of the estate. For that reason, the Trustee's claim fails.

This Memorandum Opinion contains the Court's findings of fact and conclusions of law. A form of judgment will be entered by the court.

FRANK R. ALLEY, III
Bankruptcy Judge

Page 5 - MEMORANDUM OPINION